1 | STEWART R. POLLOCK (CA SBN 301356)
  | SPollock@moranreevesconn.com
2 | MORAN REEVES CONN PC
  | 1211 East Cary Street
3 | Richmond, Virginia 23219
  | Telephone:   804.864.4832
4 | Facsimile:    804.421.6251

5 | Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD HOWE, an individual, | Case No. _____ |
| Plaintiffs, | **SAN FRANCISCO SUP. CT. CASE NO. CGC-22-601952** |
| v. | |
| LYFT, INC., a Delaware corporation; DARIUS BENJAMIN DEGREE, an individual, | **DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL** |
| Defendants. | |

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Pursuant to Title 28 U.S.C. section 1441, Defendant Lyft Inc. ("Lyft") hereby gives Notice of Removal of an action filed against it in the Superior Court, County of San Francisco, to the United States District Court for the Northern District of California-San Francisco Division.

This action is removable on the basis that the Northern District of California has jurisdiction over the subject matter of this lawsuit pursuant to Title 28 U.S.C. 1332(a) because the amount in controversy in this lawsuit exceeds the sum or value of $75,000, and is between citizens of different states. Lyft respectfully offers the

following in support of this Notice of Removal:

## I.     BACKGROUND

1.     Plaintiff Richard Howe ("Plaintiff") filed a personal injury lawsuit on/about September 26, 2022, against Lyft, Inc.; and Darius Benjamin Degree ("Defendant Degree") arising out of an automobile accident in Virginia that allegedly occurred on/about July 15, 2021. (*See generally* Exhibit A, Plaintiff's Summons and Complaint at ¶9, attached to the Declaration of Stewart R. Pollock SRP Dec.] ¶ 2.)

2.     Plaintiff's Complaint alleges that Plaintiff Richard Howe is a resident of Austin, Travis County, Texas, and that Plaintiff was a resident of Austin, Travis County, Texas, at the time of the Subject Accident. (*See* Exhibit A, Plaintiff's Complaint at ¶ 4, SRP Dec. ¶ 2.)

3.     Plaintiff's Complaint alleges that Lyft, Inc. is a Delaware Corporation, and has its principal place of business in and conducts business in San Francisco, California. (*See* Id. at ¶ 5.)

4.     Plaintiff's Complaint alleges that Defendant Degree is a resident of Virginia. (*See* Id. at ¶ 6.)

5.     Plaintiff claims he suffered personal injuries as a result of an automobile accident that occurred while Plaintiff was a passenger in a vehicle driven by Defendant Degree ("Subject Accident"). Plaintiff's Complaint alleges that the Subject Accident occurred at/near North Marshall Drive, Arlington County, Virginia. (*See* Id. at ¶ 9.)

6.     Plaintiff further claims that he utilized the Lyft mobile application or platform to request the ride with Defendant Degree that resulted in the collision. (*See* Id. at ¶ 9.)

7.     As of this writing, Plaintiff has not served Lyft, Inc. with a copy of the summons and complaint. Lyft is also informed and believes that, based upon review of the state court docket at the time of this filing, Plaintiff has not served a copy of

1 the summons and complaint on Defendant Degree. (SRP Dec. ¶ 3.)

2 **II.   GROUNDS FOR REMOVAL**

3      **a.   This Court Has Original Jurisdiction because the Amount in Controversy Exceeds $75,000 For Purposes of Removal and There is Complete Diversity Among the Parties**

6   8.   28 U.S.C. section 1441 permits a defendant to remove an action to the Federal District Court and Division embracing the place where the state action is pending, so long as the Federal District Court has original jurisdiction. (28 U.S.C. § 1441(a).)

10   9.   28 U.S.C. section 1332(a) sets forth, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states … ."

14   10.   With respect to the amount in controversy requirement, the U.S. Supreme Court has held that the party seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not "prove to a legal certainty that the amount in controversy requirement has been met." (*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 574 U.S. 81, 88-89.) "The district court determines whether defendant has met this burden by first considering whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied. If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." (*Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1031. [internal citations omitted].) In general, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." (*Lindsey v. WC*

*Logistics, Inc.* (N.D. Cal. 2022) 586 F.Supp.3d 983, 991 [citing, *Dart Cherokee Basin Operating Co, supra* 574 U.S. at 87].) If there is any doubt as to whether the case exceeds the amount-in-controversy threshold, the Court must permit the defendant to submit supporting evidence. (*See Academy of Country Music v. Continental Casualty Company* (9th Cir. 2021) 991 F.3d 1059, 1069; *see also Ives v. Allstate Insurance Company* (C.D. Cal. 2020) 504 F.Supp.3d 1095, 1097.)[1]

11. Here, Plaintiff filed his Complaint originally in the Unlimited civil division of the San Francisco Superior Court requiring the amount-in-controversy to be at least $25,000, and Plaintiff's Complaint alleges "the amount in controversy exceeds the jurisdictional minimum" of that court. (*See* Exhibit A, Plaintiff's Complaint at ¶¶2-3; *see generally* Cal. Code Civ. Proc. § 88, *et seq*.) Thus, at a minimum, Plaintiff has acknowledged that the amount-in-controversy exceeds $25,000.

12. Plaintiff's allegations, on their face, also plausibly support that the jurisdictional threshold is met. Plaintiff's Complaint alleges he "fell to the ground" after exiting the vehicle, that he was transported by ambulance to a trauma center, that he sustained a cervical spine fracture at C5, as well as multiple facial, nasal, orbital, and skull fractures, abrasions, bruises, bilateral triceps ruptures, and a left elbow MCL tear. (Id. at ¶¶11, 12.) Plaintiff's Complaint alleges that Plaintiff spent three days in the hospital, had surgeries after he was initially discharged from the hospital, and that he may have further surgeries in the future. (Exhibit A, Plaintiff's Complaint, at ¶¶ 14-15, SRP Dec. ¶2.) The nature of these claims support a finding that Plaintiff's alleged damages will be at least $75,000.

13. Furthermore, Plaintiff served Lyft with a pre-litigation demand well in excess of the $75,000 jurisdictional threshold, including based on a claim of past medical damages of $153,192.99. (SRP Dec. ¶4.) (*See e.g. Ives v. Allstate*

---

[1] Lyft respectfully requests leave, if needed, to submit additional evidence to support its assertion that the amount in controversy exceeds the jurisdictional threshold for purposes of removal.

*Insurance Company* (C.D. Cal. 2020) 504 F.Supp.3d 1095, 1098 ["Defendant appropriately relies on the settlement demand because courts in this jurisdiction and in the Ninth Circuit have stated that a settlement demand can be relevant evidence of the amount in controversy so long as it appears to reflect a reasonable estimate of the plaintiff's claim."].)

14. While Lyft contests all liability and damages, based on the allegations in Plaintiff's complaint (including the specific allegations of the treatment Plaintiff received, and the claims for non-economic damages), Plaintiff's pre-litigation demand, and upon Lyft's attorneys' experience in handling personal injury cases with similar alleged injuries, Lyft's attorneys believe to a reasonable degree of certainty that Plaintiff's claimed damages will exceed $75,000. (SRP Dec. ¶5.)

15. If Plaintiff stipulates that his damages will not exceed $75,000 in this action, then Lyft will not oppose any motion to remand based on such a stipulation. (SRP Dec. ¶6.)

16. As to complete diversity, Plaintiff's Complaint concedes all parties are residents of different states—Plaintiff is a resident of Texas, Defendant Degree is a resident of Virginia, and Lyft is a resident of Delaware or California for purposes of § 1332. As such, complete diversity exists between the parties. (*See* 28 U.S.C. §1332 (a)(1).

17. Accordingly, removal is appropriate because the amount in controversy exceeds $75,000 and there is complete diversity among the parties.

### b. Pre-Service Removal is Appropriate, Even Where Lyft is a "Forum Defendant"

18. Removal is proper under §§ 1332 and 1441 regardless of whether Lyft is a California citizen because Lyft has not been "properly joined and served" as of the date of removal. *See* 28 U.S.C. § 1441(b)(2).

19. For over a decade, the Northern District has consistently held that a California defendant may properly remove a case, based on diversity jurisdiction,

DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL          CASE NO.

where the defendant removes the case before the plaintiff serves the defendant with the summons and complaint. (*See e.g., Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.* (N.D. Cal. 2012) 881 F.Supp.2d 1123, 1127 [citing *Republic W. Ins. Co. v. Int'l Ins. Co.* (N.D. Cal. 1991) 765 F.Supp. 628, 629; *City of Ann Arbor Emp. Ret. Syst.v. Gecht* (N.D. Cal. 2007) 2007 WL 760568 at * 8.]; *see also Global Indsutrial Investment Ltd. V. Andrew Chung* (N.D. Cal. 2020) 2020 WL 2027374; *see also Monfort v. Adomani, Inc..* (N.D. Cal. 2019) 2019 WL 131842.)

20. For example, in *Monfort v. Adomani, Inc.*, the plaintiff was a Florida resident, and the defendants were California citizens. (*See Monfort,* 2019 WL 131842, at *1.) The defendants removed the case pursuant to diversity jurisdiction and the plaintiff filed a motion to remand, arguing that section 1441(b)(2) required the court to remand the case because the defendants were California residents. (Id.) However, the court held that the plain language of section 1441(b)(2) makes clear that it only applies if the defendant has been "properly joined *and served*." It stated, "As a result, several courts in this district have held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." (Id. at *3.)

21. Although the Ninth Circuit has not considered this issue, the *Monfort* court cited to similar holdings from the Third Circuit approving of pre-suit removal by an in-state defendant based on the plain text of § 1441 itself, which on its face bars removal of an otherwise removable case based on diversity jurisdiction **only** where in-state defendants have been "properly … served." (*See* Id. [citing *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.* (3d. Cir. 2018) 902 F.3d 147, 152, n.2.].)

22. Furthermore, a subsequent Northern District decision has cited to similar holdings from the Second Circuit and the Fifth Circuit. (*See e.g., Global Industrial Investment Limited v. Chung* (N.D. Cal. 2022) 2020 WL 2027374, at *3 [citing *Gibbons v. Bristol-Myers Squibb Co.* (2d Cir. 2019) 919 F.3d 699, 705;

*Texas Brine Company, L.L.C. v. American Arbitration Association, Incorporated* (5th Cir. 2020) 955 F.3d 482.].)

23.   Here, although Plaintiff's Complaint was filed in September 2022, Plaintiff has not "properly joined *and served*" any defendant, let alone the only in-state defendant (Lyft). (SRP Dec. ¶3.) Based on the authorities discussed herein, Lyft has properly removed this matter pursuant to 28 U.S.C. section 1441.

24.   Additionally, this case was filed in an improper venue because (1) the Subject Accident occurred in Virginia; (2) Defendant Degree is not a citizen of California, and (3) Plaintiff himself is not even a citizen of California. As such, Lyft intends to move to dismiss and/or transfer this case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. sections 1404 and/or 1406. As such, Lyft expects to be a "forum defendant" only temporarily while this case remains pending in this district.

### III.   PROCEDURAL COMPLIANCE

25.   28 U.S.C. section 1446(b)(2)(A) provides, "When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of this action." (28 U.S.C. § 1446(b)(2)(A) [*emphasis* added].) As detailed herein, Lyft is also informed and believes that Plaintiff has not properly served Defendant Degree. (SRP Dec. ¶3.) Therefore, Lyft is not required to obtain consent from Defendant Degree before filing this Notice of Removal.

26.   Lyft will serve Plaintiff and Defendant Degree with a copy of this Notice of Removal and supporting papers, and Lyft will file all appropriate materials with the Superior Court of the State of California, County of San Francisco, pursuant to 14 U.S.C. 1446(d).

27.   Removal to this Court is proper as this Court is the district and division embracing the place where Plaintiff filed the State Court Action.

Dated: October 18, 2022 **MORAN REEVES CONN PC**

*/s/ Stewart R. Pollock*
Stewart R. Pollock
Attorneys for Defendant

8

DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL                                    CASE NO.